RACKLEY *v.* STATE.

(Division A.   March 6, 1933.)

[146 So. 459.   No. 30432.]

J. W. P. Boggan, of Tupelo, for appellant.

288

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant was convicted in the county court of Lee county, on a charge of unlawfully having in his possession intoxicating liquors, and appealed to the circuit court. In vacation, the circuit judge entered an order affirming the judgment of the county court; this order expressly reciting that it was made and entered in vacation. On appeal to this court, the appellant assigns as error the action of the circuit judge in hearing and determining his appeal in vacation.

The original county court act, section 5, chapter 131, Laws of 1926, provided that the circuit judge might hear

appeals from the county court at term time or in vacation at any place in his district. In the case of State v. Speakes, 144 Miss. 125, 109 So. 129, it was held that this provision was unconstitutional, being violative of section 14 of the Constitution of 1890, providing that: "No person shall be deprived of life, liberty, or property except by due process of law." By chapter 227, Laws of 1930, section 5 of said chapter 131, Laws of 1926, was amended, and it was therein provided that appeals "may be considered and disposed of by the circuit court in vacation." In adopting the Code of 1930, this provision for hearing and disposing of appeals from county courts in vacation was omitted, manifestly for the reason that this provision was considered to be unconstitutional in the light of the holding of the Speakes Case, supra. The reason for the omission of this provision of the statute from the Code is explained in an appendix to the Code of 1930, appearing on page 2929 thereof.

Chapter 227, Laws of 1930, and the act of the Legislature adopting the Code of 1930, were both approved by the Governor on May 19, 1930, but the act adopting the Code provided that the Code should take effect and be in force from and after the 1st day of November, 1930, while the said chapter 227 was in force and effect from and after its passage. It was held in the case of Swift & Co. v. Sones, 142 Miss. 660, 107 So. 881, that, where two acts are passed on the same day, but go into effect on different days, the one taking effect last will become the law from that day, where they are in necessary conflict. 59 C. J. 930. Consequently, since the Code of 1930 became effective, on November 1, 1930, there has been no statutory provision authorizing a circuit judge to hear and determine, in vacation, appeals from a county court; and therefore the order of affirmance entered by the circuit judge in the case at bar was coram non judice. But, since the appellant has appealed from this void order, a

judgment will be entered here reversing it, and remanding the cause to the circuit court, where it is a pending cause.

Reversed and remanded.